IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KENDRA LANELLE MANSFIELD,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00334 |
| | ) | |
| v. | ) | OPINION and ORDER |
| | ) | |
| **STAUNTON POLICE DEP'T, et al.,** | ) | By: Robert S. Ballou |
| Defendants. | ) | United States District Judge |

Plaintiff Kendra Lanelle Mansfield, a Virginia inmate proceeding *pro se*, has filed an action under 42 U.S.C. § 1983 against the Staunton Police Department and the Middle River Regional Jail. She alleges that the police department "denied her protection" after her home was burglarized and that the Jail had a defective door that caused her personal injury, which the jail failed to provide treatment for. After preliminary screening of the complaint, as directed by 28 U.S.C. § 1915A, I must dismiss her complaint without prejudice because the jail is not a proper defendant and Mansfield has failed to allege any facts upon which liability against the police department could be based. Further, she has improperly joined two different causes of action against two different defendants.

Rule 20 allows the joinder of more than one defendant only if the claims arose out of the same transaction or occurrence and contain a question of fact or law common to all the defendants. FED. R. CIV. P. 20. Clearly, police response to a burglary of her home is a different transaction in time and place from her injury at the jail. If this were the only deficit in her complaint, the court could simply sever the suit into two different lawsuits under Rule 21. *See* FED. R. CIV. P. 21. However, the absence of a proper defendant suggests that dismissal without prejudice is the proper course, so that Mansfield can properly file the two suits separately if she chooses to do so.

A local governmental entity such as the Staunton Police Department can only be sued under § 1983 if the violation of the plaintiff's constitutional rights results from the agency's custom or policy.  *Monell v. Dep't of Soc. Servs,* 436 U.S. 658, 691 (1978).  The department is not liable for the actions of individual officers under vicarious liability principles.  Mansfield has not alleged that the department "denied her protection" as the result of any identified policy of the department.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983.  A jail facility is not a person subject to suit; the facility is a building.  *Jackson v. Middle River Regional Jail*, 7:22cv00264 at *1 (W.D. Va. May 25, 2022).  Mansfield must identify the individual persons who violated her constitutional rights.

The complaint is **DISMISSED without prejudice** for the reasons stated, and the matter is **STRICKEN** from the docket of this court.

The Clerk is directed to send a copy of this opinion and order to Mansfield.

    Enter:  December 18, 2023

    /s/ Robert S. Ballou

    Robert S. Ballou
    United States Magistrate Judge